IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVAN LEE MATTHEWS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> PISTONE, JACKSON AND ) <br> LAUBER, ) <br> ) <br> Defendants. ) <br> ) | No. C 04-3712 JSW (PR) <br><br> **ORDER OF DISMISSAL** |

Plaintiff, a prisoner of the State of California formerly incarcerated at Salinas Valley State Prison in Soledad, California, has filed this civil rights complaint. On December 14, 2004, the Court dismissed claim one with leave to amend (docket no. 6). Plaintiff filed an amended complaint on January 5, 2005 (docket no. 7). For the reasons discussed below, the amended complaint is dismissed for failure to set forth cognizable claims under 42 U.S.C. § 1983.

**DISCUSSION**

I   Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.,* § 1915A(b). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir.

1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

II.     Legal Claim

Plaintiff complains about medical treatment he received while incarcerated at Salinas Valley State Prison. Specifically, Plaintiff complains that on April 13, 2003, he was exercising and experienced what felt like a tear in his left arm. Plaintiff alleges that he went to the medical office and told Defendants Lauber, Jackson and Pistone that he felt something tear in his left elbow and was in a lot of pain. Plaintiff alleges that Jackson and Lauber told him to fill out a medical service form, which he did. Plaintiff alleges that he was not treated or examined that day. The next day when Plaintiff awoke with swelling in his left elbow, he returned to the medical office. Plaintiff alleges that Pistone, Jackson and Lauber ignored his medical condition.

Plaintiff further alleges that on April 23, 2003, he submitted another medical service request. Plaintiff alleged that he was called to the medical office on April 29, 2003, and was told to see Dr. Pistone. Plaintiff claims that he told Dr. Pistone that he felt a tear in his elbow while exercising, that he was in pain, that he could barely move his elbow and that it may be infected. Plaintiff complains that Dr. Pistone looked at his elbow without examining it, told Plaintiff that this was a common problem which happens to wrestlers, and advised Plaintiff to run water over his elbow and stop crying. (Am. Compl., ¶ 19.)

Plaintiff alleges that two weeks thereafter, he returned to the medical office for pain medication. (Am. Compl., ¶ 21.) Plaintiff filled out another medical service request on May 26, 2003. *See* Exs. to Am. Compl. Plaintiff also filed a 602 Inmate Appeal

1  Form complaining of Dr. Pistone's negligence and malpractice on May 25, 2003. *Id.* On
2  June 11, 2003, Dr. Hollie saw Plaintiff and prescribed Tylenol and referred Plaintiff to
3  see an orthopedic specialist. (Am. Compl., ¶ 22.) On July 17, 2003, an orthopedist saw
4  Plaintiff and determined that he had bursitis as well as a possible, partial tendon tear.
5  Plaintiff alleges that the orthopedist recommended an Ace-wrap, arm sling and a cast,
6  and that these recommendations were not carried out. (Am. Compl., ¶¶ 28, 29.)
7  Plaintiff asserts that he was denied adequate medical treatment regarding the injury to his
8  left arm, and claims deliberate indifference to his injury.

   A.   <u>Legal Standard</u>

   It is well-established that neither negligence nor gross negligence is actionable under § 1983 in the prison context. *See Farmer v. Brennan*, 511 U.S. 825, 835-36 & n.4 (1994); *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990) (gross negligence insufficient to state claim for denial of medical needs to prisoner). Negligence is not actionable under § 1983 even outside of the prison context. *See County of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998). With regard to claims regarding constitutionally inadequate medical care, the applicable standard is one of deliberate indifference to inmate health or safety under the Eighth Amendment. *See Farmer*, 511 U.S. at 834; *Wilson v. Seiter*, 501 U.S. 294, 302 (1991).

   Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds, WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc); *Jones v. Johnson*, 781 F.2d 769, 771 (9th Cir. 1986). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *See McGuckin*, 974 F.2d at 1059.

A prison official is deliberately indifferent only if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer*, 511 U.S. at 837. A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *McGuckin*, 974 F.2d at 1059 (citing *Estelle v. Gamble*, 429 U.S. at 104). A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 deliberate indifference claim. *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981). Nor, as previously noted, does a claim of negligence related to medical problems. *See Wood*, 900 F.2d at 1334; *Franklin*, 662 F.2d at 1344.

B.   Analysis

Plaintiff's medical care allegations must be dismissed because they do not amount to more than a claim for negligence or medical malpractice or do not rise to the level of constitutional injury cognizable under § 1983. *See, e.g., Frost v. Agnos*, 152 F.3d 1124, 1130 (9th Cir. 1998) (finding no merit in claims stemming from alleged delays in administering pain medication, treating broken nose and providing replacement crutch, because claims did not amount to more than negligence); *O'Loughlin v. Doe*, 920 F.2d 614, 617 (9th Cir. 1990) (finding that isolated occurrences of neglect may constitute grounds for medical malpractice but do not rise to level of unnecessary and wanton infliction of pain).

Plaintiff's allegations that he did not receive any kind of treatment or pain medication for his elbow do not indicate that Defendants were deliberately indifferent to Plaintiff's medical needs. The amended complaint indicates that Plaintiff was seen by Dr. Pistone on April 29, 2003, and was advised to run water over the elbow, presumably

4

to reduce the swelling.[1] Plaintiff's concern that he had an infection and his disagreement with Pistone's treatment does not give rise to a deliberate indifference claim. *Franklin*, 662 F.2d at 1344. Furthermore, Plaintiff's allegations that Defendants failed to provide an Ace-wrap bandage, sling or cast, as the orthopedist recommended, do not rise to the level of deliberate indifference to a serious medical need. "[A] plaintiff's showing of nothing more than 'a difference of medical opinion' as to the need to pursue one course of treatment over another was insufficient, as a matter of law, to establish deliberate indifference." *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996).

Plaintiff's medical care claims are DISMISSED because they fail to state a claim for deliberate indifference to serious medical needs. The Court has already given Plaintiff leave to amend his original complaint to state a cognizable claim under § 1983. As it appears Plaintiff cannot cure the defects of his claims, the amended complaint will be dismissed without leave to amend.

**CONCLUSION**

For the foregoing reasons, the amended complaint is hereby DISMISSED. The Clerk shall close the file and enter judgment in this case.

IT IS SO ORDERED.

DATED: October 19, 2005

JEFFREY S. WHITE
United States District Judge

---

[1] Contrary to Plaintiff's allegations that he was not prescribed pain medication until he was seen by Dr. Hollie on June 11, 2003 (Am. Compl, ¶ 22), the Department of Corrections found that on April 29, 2003, the treating doctor, alleged by Plaintiff to be Defendant Pistone, prescribed Naproxen, then changed the medication to Indocin at the follow-up visit on May 6, 2003. *See* Ex. to Am. Compl. (August 11, 2003 Memo.) However, on a preliminary screening pursuant to § 1915A, Plaintiff's allegations are taken as true and construed in the light most favorable to him. *Ramirez v. Galaza*, 334 F.3d 850, 854 (9th Cir. 2003).

5